GH

J.N **FILED**
AUG 2 6 2008
2.6
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| GERALD L. BREST | ) | COMPLAINT FOR CIVIL |
| 2615 Moss Lane | | RIGHTS VIOLATIONS, DUE |
| Aurora, Illinois 60504, | ) | PROCESS OF LAW |
| | | ABRIDGMENTS, DAMAGES |
| Plaintiff | ) | AND INJUNCTION |
| | | |
| vs. | ) | |
| | | |
| TRUDY A. LEWIS | ) | |
| Social Security Administration | | |
| Great Lakes Program Service Center | ) | |
| 600 West Madison Street | | 08CV4875 |
| Chicago, Illinois 60661-2474 | ) | JUDGE ASPEN |
| | | MAG. JUDGE VALDEZ |
| and | ) | |
| | | |
| MICHAEL O. LEAVITT | ) | |
| Secretary | | |
| U.S. Department of Health | ) | |
|      And Human Services | | |
| 200 Independence Avenue, SW | ) | |
| Washington, DC 20201 | | JUDGE: |
| | ) | |
| and | ) | |
| | ) | |
| MRS. JOHNSON | | |
| Social Security Administration | ) | |
| 1325 North Lake Street | | |
| Aurora, Illinois 60606 | ) | |
| | | |
| and | | |

1.

MR. CARRASCO                                      )
Social Security Administration
1325 North Lake Street                            )
Aurora, Illinois  60506
                                                  )

        and
                                                  )

MRS. PARRISH                                      )
Social Security Administration
1325 North Lake Street                            )
Aurora, Illinois  60506
                                                  )

        and                                       )

G. FOURNIER                                       )
Field Office Manager
Social Security Administration                    )
1325 North Lake Street
Aurora, Illinois  60506                           )

        and                                       )

ROBERT SENANDER                                   )
SSA  Administrative Law Judge
Office Of Disability Adjudication                 )
        And Review
Suite 201                                         )
Oak Brook, Illinois  60523
                                                  )

        and
                                                  )

DEPARTMENT OF THE TREASURY/
FINANCIAL MANAGEMENT SERVICE                     )
P.O. Box 1686
Birmingham, Alabama  35201-1686,                  )

        Defendants                                )

2.

## JURISDICTION

This is a complaint brought by Plaintiff, Gerald L. Brest, regarding the unlawful, illegal and unconstitutional taking of his Social Security Disability entitlement payments by members of the Social Security Administration (SSA) and the Department of the Treasury.

Constitutional jurisdiction in this matter is asserted under the Due Process Clause to both the Fifth and Fourteenth Amendments to the United States Constitution. Statutory Jurisdiction is governed by 42 USC, Sections 404, 405, et seq.; Economic Stimulus Act of 2008 to the Internal Revenue Code governing "recovery rebates"; 42 USC, Section 1983, et seq. (Civil Rights Act); the Freedom on Information and Privacy Act; and mandamus as alternative jurisdiction set forth under 28 USC, Section 1361.

## ALLEGATIONS

### COUNT ONE

1.    On March 11, 2007, the Plaintiff, Gerald L. Brest, received a letter from Trudy A. Lewis, Assistant Regional Commissioner of the Great Lakes Program Service Center for the Social Security Administration informing the Plaintiff that an alleged overpayment totaling $3,286.00 was made to Ginger A. "Breast", and that recovery of the alleged overpayment would be taken from the monthly disability payments of Gerald L. Brest.

2.    Plaintiff responded to the notice by his letter dated March 22, 2007, stating that he did not create the alleged debt which must be reconsidered , demanded a personal due process hearing before an administrative law judge and set forth his right to a no fault waiver both to prevent an unfair loss of monthly disability payments necessary for monthly living expenses and adverse health effects that would surely escalate to PTSD driven criminal activity, including homicidal and suicidal ideations.

3.    On May 2, 2007, Plaintiff sent another letter to Defendant Lewis objecting to several months of unlawfully intercepted direct deposits

totaling $532.20 which unfairly prevented Mr. Brest from meeting his necessary monthly expenses while causing his physical, emotional and family well being to critically deteriorate.

4.      In the May 2, 2007, letter Plaintiff stated that he never heard of a "Ginger Breast", the name should not be attached to the Plaintiff's social security account, and invoked a continuing freedom of information request that the Government produce documentation which evidences the signatures of Gerald L. Brest or Ginger A. Brest on government checks for the alleged amount of debt.

5.      On June 3, 2007, Defendant unlawfully seized the Plaintiff's regular direct deposit monthly disability payment even though Mr. Brest had by law through his "within 30 days" letter of March 22, 2007, stopped the Social Security Administration from starting or continuing any withholding during the review period.  Defendant was also stopped by federal law from illegally collecting any amounts of disability payments below a $750.00 monthly threshold limit as enacted by Congress to prevent a claimant from being thrown into financial destitution and abject poverty.

6.      Defendant Lewis  with all forethought and wanton disregard for the Plaintiff's  constitutionally protected rights to due process of law, equity, good conscience, and guaranteed  civil rights did recklessly commence an unlawful scheme of seizing the Plaintiff's regular direct deposit disability payments which have resulted in the further deterioration of combat incurred  physical disabilities, PTSD emotional exacerbations, and loss of family love and relations when Mr. Brest could no longer meet his monthly sustenance requirements and compounding debts.

COUNT TWO

7.      Plaintiff realleges the contents of paragraphs one through six of this complaint as though fully rewritten herein.

8.      On August 14, 2007, Plaintiff sent a letter to Defendant, Michael O. Leavitt, Secretary for the U.S. Department of Health and Human Services, requesting that the disability recipient's monthly disability

payments that were illegally seized be reimbursed and that monthly benefit payments continue regularly until Mr. Brest was afforded a Constitutional due process hearing before an administrative law judge as previously demanded.

9.    No response was ever received from Defendant Leavitt who wantonly and willfully engaged in the conspiracy with the Defendants to abridge constitutional rights guarantees to a due process of law hearing and the reinstatement and continuation of monthly disability payments during the SSA review process to purposely inflict additional physical suffering, intensify PTSD related ailments, violate civil rights guarantees, and cause untold financial hardships and emotional harm to the Plaintiff who suffered irrevocable emotional loss of love, marriage and family.

## COUNT THREE

10.    Plaintiff realleges the contents of paragraphs one through nine of this complaint as though fully rewritten herein.

11.    On August 27, 2007, Plaintiff visited the Aurora, Illinois office for the Social Security Administration seeking reinstatement of monthly disability payments as set forth in the Secretary Leavitt letter which Mr. Brest was carrying and presented to an SSA intake official.

12.    Plaintiff also sought information regarding an underpayment amount of $2,372.00 that was to have been paid to Representative Payee, Gerald L. Brest, for the benefit of his daughter, Breana C. Brest, but was illegally withheld and applied to the $3,286.00 alleged overpayment debt of Ginger A. Brest, Plaintiff's former wife and mother to Breana C. Brest.

13.    The SSA employee refused to reinstate the monthly disability payments of Gerald L. Brest and further would not allow the Plaintiff to review the "underpayment" information involving Plaintiff's daughter, Breana C. Brest, for whom Mr. Brest was the designated representative payee.

14.    Plaintiff returned to the Aurora, Illinois SSA office on September 11, 2007 and spoke with SSA Agent, Mrs. Johnson, regarding the illegal

seizure of Plaintiff's $892.00 (total $1,784.00) monthly direct deposit disability payment amounts for both July and August of 2007.

15.    Plaintiff questioned why he had not been paid for July and August, 2007, and Defendant Johnson became accusatory and belligerent. Mr. Brest then handed Defendant Johnson both the aforementioned Secretary Leavitt letter and the claimant's personal bank statements for July and August, 2007, showing no direct deposit entries received from SSA during those two months. Defendant Johnson was also handed letters, with attached SSA form letters showing that if a social security recipient responds "within 30 days" to a proposed withholding that no disability payments will be taken during the review process, the same letters which Mr. Brest had previously sent to SSA agents in numerous communications.

16.    Defendant refused to reinstate the unlawfully held disability payments, refused to conduct a review or hold a hearing, and asked Mr. Brest to leave the office and wait for a reply via mail.

17.    Plaintiff received a letter from SSA dated September 16, 2007, stating that a check for $892.00 was being sent which left the illegal skimming of $892.00 for July, 2007, that should have also been reimbursed.

18.    Defendant Mrs. Johnson wantonly and willfully engaged in the conspiracy with the Defendants to usurp constitutional rights guarantees to a due process hearing and the reinstatement and continuation of monthly disability payments during the review process to purposely inflict additional physical suffering, intensify PTSD related dysfunctions, violate civil rights guarantees, and cause tremendous financial hardships and emotional harm to the Plaintiff who continues to suffer irrevocable emotional trauma due to the loss of love, marriage, companionship, and family structure.

COUNT FOUR

19.    Plaintiff realleges the contents of paragraphs one through eighteen of this complaint as though fully rewritten herein.

6.

20.    Continuing the illegal scheme of seizing Plaintiff's intended direct deposit monthly disability payment while the matter was under review and awaiting hearing, SSA intercepted Mr. Brest's January 3, 2008 direct deposit payment.

21.    While Defendants continued their illegal scheme of seizing payments and wearing down the Plaintiff in an attempt to get Mr. Brest to abort the pursuit of his claim, Plaintiff visited the Aurora, Illinois SSA office on January 14, 2008.

22.    After arguing with SSA Agent, Mr. Carrasco, a supervisor issued Plaintiff a "CPO" check in the amount of $913.00 while refusing to refund any of the previously seized payments in question.

23.    Defendants' continued illegal plan to seize monthly disability payments that were to continue during the review process were undertaken wholly to cause further PTSD related emotional distress, exacerbate physical ailments of diabetic stress and gout that will cause death, and create financial hardships in order to stop the Plaintiff from seeking a meaningful and timely due process of law review while wantonly violating Mr. Brest's civil rights protections by alienating his affections in marriage and family companionship.

## COUNT FIVE

24.    Plaintiff realleges the contents of paragraphs one through twenty-three of this complaint as though fully rewritten herein.

25.    Plaintiff visited the Aurora, Illinois SSA office on April 8, 2008 for a scheduled review of the claim.  SSA Agent, Mrs. Parrish, hosted the review but refused to allow Mr. Brest to exercise his right to visually inspect the record, could not show any proof that any Brest family member ever received any amounts of the $3,286.00 alleged debt, and denied Plaintiff's Freedom of Information Act request to inspect any information regarding Ginger A. Brest or the files governing Breana C. Brest for whom Plaintiff was the designated representative payee.

26.    At the review on April 8, 2008, the often previously requested right to an expedited appeal was again requested but disallowed by Defendant Parrish. Plaintiff was told that an expedited appeal could only be requested before an administrative law judge at a scheduled hearing which would not be entertained for nearly two years after the review process concluded.

27.    Plaintiff then introduced letters, an affidavit and other information submitted by Ginger A. Brest showing that any social security payments received by the former Mrs. Brest were the result of a 1986 federal lawsuit settlement in Civil Case Number 86-7186 in the United States District Court located in Toledo, Ohio.

28.    Plaintiff also introduced evidence showing that he and Mrs. Brest experienced years of living separate and apart and did not speak to each other during periods of the marriage since 2001 as proof that Gerald Brest was both never informed of the alleged overpayment and could not be held at fault in "equity and good conscience".

29.    Plaintiff received a letter dated April 9, 2008 from SSA Field Office Manager, G. Fournier, requesting that Mr. Brest provide information in the divorce process which shows that an alleged overpayment collection would be "against equity and good conscience" if the marital couple was not speaking and lived apart during the time that an alleged overpayment occurred.

30.    The Plaintiff informed Defendant Fournier by letter dated May 4, 2008, that he was attempting to locate the court sought information that was not "yet available to me". In the letter Defendant Fournier was also informed that Plaintiff's relationship with his nineteen year old daughter, Breana, was irretrievably destroyed when Mr. Brest tried to speak to Mrs. Brest regarding the information that Defendant Fournier requested.

31.    Defendants wantonly continued their illegal scheme to seize the Plaintiff's monthly disability payments under the scam of an alleged overpayment with all forethought , reckless disregard and malice that their illegal acts were wholly against equity and good conscience and knowingly would result in greater deterioration of physical and mental health to Mr.

Brest while intentionally forcing his marriage into divorce proceedings that were calculated to result in the loss of love and companionship between the marital couple with consequential destruction of the love and family bonds previously shared by Gerald Brest and his daughter, Breana Brest.

## COUNT SIX

32.    Plaintiff realleges the contents of paragraphs one through thirty-one of this complaint as though fully rewritten herein.

33.    In a letter dated July 12, 2008, which Plaintiff sent to Defendant Robert M. Senander, Administrative Law Judge (ALJ), Plaintiff reminded the ALJ that a notice of appeal was timely filed and also asked the adjudicator to immediately hear this matter.  The intentional harm caused by SSA employees had caused a dissolution of marriage as evidenced by eleven pages of a "JUDGMENT OF DISSOLUTION OF MARRIAGE" that were certified by the DuPage County, Illinois 18th Judicial Circuit Court, Case Number 8-D-224, regarding the government compelled divorce between Plaintiff and his former wife as officially entered on June 11, 2008.  The continued suffering would be "exponentially vexated" by the loss of monthly disability payments necessary to meet house payments, property real estate taxes, and the purchase of food, water, electricity, natural gas, and other sustenances needed for daily survival.

34.    Defendant Senander refused to act by law and joined the conspiracy when SSA illegally intercepted the $913.00 August 3, 2008 monthly disability payment that never was received as a regular monthly direct deposit in Plaintiff's personal checking account which consequently caused Plaintiff to scramble to borrow $3,000.00 in order to meet a house payment and property taxes in August, 2008.

35.    Defendant Senander refused to exercise his independent authority to curtail the harmful physical, mental, personal and financial suffering placed on Plaintiff due to the loss of disability payments that were previously relied upon to meet the daily sustenance needs, health care obligations, and living expenses faced each month by Gerald Brest.  Defendant had full knowledge that no hearing would be held until at least the year 2010, and thereby both

deferred to a lower level bureaucratic review entity and conspired with Defendants to act with all malicious intent to illegally seize Gerald Brest's monthly disability payments and destroy the former love, companionship, marriage and parent/child relationship with Breana Brest, all in violation of constitutional guarantees and civil rights protections afforded the Plaintiff and his family members by federal law.

## COUNT SEVEN

36.    Plaintiff realleges the contents of paragraphs one through thirty-five of this complaint as though fully rewritten herein.

37.    Defendant SSA of the Aurora, Illinois office sent Plaintiff a letter in July, 2008, showing that after the July 3, 2008, monthly disability payment of $913.00 was illegally seized from a direct deposit disbursement, there will be additional illegal monthly disability payment seizures, to wit: $913.00 (August 3, 2008), $913.00 (September 3, 2008), $547.00 (October 3, 2008).  The projected illegal seizures totaling $2,373.00 by October 3, 2008 will be in addition to the following illegal seizures already exacted: $2,372.00 (underpayment collection from Breana Brest, August 21, 2004), $532.20 (May 2, 2007), $913.00 (January 24, 2008), and $913.00 (August 3, 2008), for a total of $4,730.20.

38.    By November 3, 2008, Defendants will have illegally seized a grand total of $7,103.20 of family member disability payments to satisfy an alleged overpayment debt of $3,286.00 while knowingly and intentionally violating the civil rights and harming Brest family members by inflicting emotional distress and physical suffering to Plaintiff, his former wife, and innocent daughters.

## COUNT EIGHT

39.    Plaintiff realleges the contents of paragraphs one through thirty-eight of this complaint as though fully rewritten herein.

40.    Plaintiff received a letter dated June 27, 2008, from Defendant, Department Of The Treasury/Financial Management Service showing that

$1,364.00 was illegally intercepted from the yearly joint tax refund payment for Plaintiff and his former wife, Ginger A. Brest, and was sent to Defendant SSA.

41.    No notice was ever provided to the Plaintiff and his former wife, neither was there an opportunity to reasonably and timely question the matter nor a provision to review and appeal the confiscation as guaranteed by the constitutional rights to due process and equal protection of laws that required application prior to, during, and after the illegal seizure.

42.    The elaborately contrived scheme of illegal seizures to satisfy an alleged overpayment debt of $3,286.00 shamelessly escalated to a total take of $8,467.21 for the Defendants by the end of June, 2008.

43.    On July, 4, 2008, Defendant Department Of The Treasury/Financial Management Service pulled off another illegal seizure by notifying Plaintiff and his former wife, Ginger A. Brest, that the entire $600.00 payment under the Economic Stimulus Act of 2008 was illegally intercepted for the benefit of Defendants.

44.    The one-time emergency Act by the 110th Congress was intended to provide an economic stimulus accelerator in the form of a rebate, but not a tax refund, which both Gerald L. Brest and Ginger A. Brest would receive because they were not listed in any of the three categories of named ineligible individuals defined under Section 6428.2008 to the Act.

45.    No notice was ever provided to the Plaintiff and his former wife, nor was there an opportunity to reasonably and timely question the matter, nor a provision to review and appeal the matter as guaranteed by the constitutional rights to due process and equal protection of laws prior to, during, or after the illegal seizure.

46.    The additional scheme of uncontrolled illegal government willy-nilly seizure scams to satisfy an initially alleged overpayment debt of $3,286.00 shamelessly stands as a present total take of $9,067.21 for the Defendants.

47.    Defendant Department Of The Treasury/Financial Management Service wantonly and willfully joined the other conspiring

Defendants with all forethought and intent to illegally seize family tax returns and economic stimulus rebates with absolutely no regard to the constitutional requirements of due process and equal protection of laws to directly harm Plaintiff's family ties, force the Plaintiff into a divorce, cause the Plaintiff to financially lose the equity in his house and end the health insurance program relied upon to treat his various combat incurred physical disabilities, Agent Orange maladies, and the uncontrolled ailments of stress and extreme sense of justice rooted in PTSD while also harming the love and parent-child relations previously bonded between the father and his daughters as continued assaults upon the civil rights of Mr. Brest that must be protected by law.

## RELIEF

Accordingly, Plaintiff prays that he have and receive in damages and other relief for the harm he has endured, and for the persistent projected suffering, the following:

1.    An emergency temporary restraining order and injunction directing Defendants to return any and all monthly social security disability payments, income tax refunds, Economic Stimulus Act rebates, and underpayments taken from Joeli Allyson Brest (Collins) and Breana Coates Brest, all with compounded interest to date.

2.    $10,000,000.00 (TEN MILLION DOLLARS) in compensatory and punitive damages for the intentional infliction of emotional distress that has resulted in a coerced divorce and loss of love, maintenance, companionship and financial support previously enjoyed with a wife and children.

3.    Trial by jury.

12.

4. A reasonable award of costs, expenses and attorney fees allowed under the Equal Access to Justice Act as necessitated by the initiation and maintenance of this litigation.

5. Any other relief deemed fair and appropriate.

Respectfully submitted,

Gerald L. Brest
Plaintiff, pro se
2615 Moss Lane
Aurora, Illinois 60504
Telephone: 630-978-2360

13.