UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD BREST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRUDY A. LEWIS, Social Security Administration, Great Lakes Program Center | ) ) | |
| MICHAEL O. LEAVITT, Secretary, U.S. Department of Health and Human Services, | ) ) | Hon. Marvin E. Aspen |
| MRS. JOHNSON, Social Security Administration, MR. CARRASCO, Social Security Administration, MRS. PARRISH, Social Security Administration, G. FOURNIER, Field Office Manager, Social Security Administration, ROBERT SENANDER, SSA Administrative Law Judge, Social Security Administration, and DEPARTMENT OF THE TREASURY, FINANCIAL MANAGEMENT SERVICE, | ) ) ) ) ) ) ) ) ) ) | Case No. 08 C 4875 |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se Plaintiff Gerald Brest filed an eight-count complaint alleging that various federal employees and agencies wrongfully withheld money due to him and intentionally inflicted emotional distress. Presently before us is Defendants' motion to dismiss for lack of subject matter jurisdiction or in the alternative for failure to state a claim. For the reasons discussed below, we grant the motion.

**I.    BACKGROUND**

On March 11, 2007, Plaintiff Gerald Brest received a letter from Defendant Social Security Administration ("SSA") informing him that SSA would be reducing his monthly

1

disability payments in order to recover an overpayment of $3,286. (Compl. ¶ 1.) According to Brest, over the next year and a half SSA reduced or retained several of Brest's disability payments. (*Id*. ¶¶ 3, 5, 12, 14, 20, 34, 37.) Brest administratively challenged the validity of the alleged overpayment and his liability for it, eventually requesting a hearing before an administrative law judge ("ALJ"). (*Id*. ¶ 2.) While his administrative review was pending, he sent letters to and spoke with various SSA employees regarding his claim, each of whom is named as a defendant in this case. (*Id*. ¶¶ 2, 3, 8, 11, 14, 21–22, 25, 30, 33.)

On June 27, 2008, Defendant Department of Treasury/Financial Management Service informed Brest by letter that it was rerouting to SSA a $1,364 tax refund from the joint tax return of Brest and his now former wife. (*Id*. ¶ 40.) On July 4, 2008, Treasury informed Brest by letter that it was also rerouting to SSA the joint $600 stimulus payment of Brest and his wife. (*Id*. ¶ 43.)

On August 26, 2008, prior to receiving a hearing before an ALJ, Brest initiated this case. Since the filing of this case, Brest received a hearing before an ALJ. (*See* Brest Ex Parte Mot., Ex. D.) The ALJ's decision was fully favorable to Brest, holding that although Brest was technically liable for a $3,286 overpayment to his former wife, he was without fault in receiving the overpayment, and recovering the overpayment from Brest would be against equity and good conscience. On this basis, the ALJ found Brest entitled to a waiver of liability for the overpayment. (*Id*.)

## II.  STANDARD OF REVIEW

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Rule

2

12(b)(1) requires dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide," and must be conferred upon the federal courts. *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). In reviewing a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court may look beyond the complaint to pertinent evidence submitted by the parties. *See United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). The plaintiff faced with a properly supported 12(b)(1) motion to dismiss bears the burden of proving that the jurisdictional requirements have been met. *See Kontos v. U.S. Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); *see Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002). Further, when a plaintiff proceeds pro se, the court has a responsibility to construe the complaint liberally. *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). However, "our favor toward the nonmoving party does not extend to drawing 'inferences that are supported by only speculation or conjecture.'" *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008) (quoting *Fischer v. Avanade*, Inc., 519 F.3d 393, 401 (7th Cir. 2008)).

**III. ANALYSIS**

Absent a waiver, the doctrine of sovereign immunity shields the federal government and its agencies from suit. *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 1000 (1994). Thus, a complaint against the federal government or one of its agencies must allege a statute that waives the government's immunity. *Metro. Sanitary Dist. of Greater Chi. v. United States Dep't of Navy*, 722 F. Supp. 1565, 1568 (N.D. Ill.1989) ("In a suit against the United States the jurisdictional allegations in the plaintiff's complaint must refer to a statute that waives the government's immunity."). When the federal government waives its sovereign immunity, it may condition that waiver as it pleases—such as requiring exhaustion of administrative remedies—and such conditions are to be strictly enforced. *See United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 1368 (1990); *Bartley v. United States*, 123 F.3d 466, 467–68 (7th Cir. 1997).

A. Social Security Administration and Employees

As best as can be discerned from the complaint, Brest seeks from SSA a reversal of the original agency determination that he was liable for the alleged overpayment, injunctive or mandamus relief requiring the agency to pay back all money retained in connection with the overpayment, and damages for intentional infliction of emotional distress ("IIED"). All are barred.

For a district court to review SSA findings, a litigant must first exhaust available administrative remedies. 42 U.S.C. § 405(g). Exhaustion requires the litigant not only to obtain a hearing and decision from an ALJ, but also to appeal the ALJ's decision to the SSA Appeals Council. *See* 20 C.F.R. § 404.981. In this case, Brest filed suit prior to receiving a hearing before

4

an ALJ. Furthermore, since initiating this suit, Brest received the hearing and the ALJ issued a decision fully favorable to Brest. (*See* Brest Ex Parte Mot., Ex. D.) From the record before us, Brest has not appealed that decision to the SSA Appeals Council, nor does it seem likely he would do so. To the extent Brest has any remaining grievances with any of SSA's decisions, he must exhaust administrative review prior to maintaining an action in the district court. He has not done so. Therefore, we may not entertain his claims for review of the SSA's decision and the accompanying refund of withheld payments.

Regarding his IIED claims, Brest has not identified an applicable waiver of sovereign immunity permitting him to maintain this state law tort action against a federal agency and its employees acting in their official capacities. Accordingly, we must dismiss his IIED claims against the agency defendants and individual defendants in their official capacities. *See Metro. Sanitary Dist. of Greater Chi.*, 722 F. Supp. at 1568 (requiring the plaintiff to identify a statutory waiver of sovereign immunity in the complaint).

It is unclear from the complaint whether Brest is attempting to sue the individual defendants for IIED in their personal capacities. To the extent he is, the claims present no federal question and Brest has not alleged diversity of citizenship. Therefore we lack subject matter jurisdiction over any personal capacity IIED claims. 28 U.S.C. §§ 1331, 1332.[1]

---

[1] Furthermore, even if we reached the merits of Brest's IIED claims, we would dismiss them. To state an IIED claim, Brest must allege that: (1) Defendants' conduct was extreme and outrageous; (2) Defendants intended that their conduct would "cause severe emotional distress or [were] aware of a high probability of causing severe emotional distress;" and (3) Defendants' conduct actually caused severe emotional distress. *Breneisen v. Motorola, Inc.*, 512 F.3d 972, 982 (7th Cir. 2008); *Dunn v. City of Elgin*, 347 F.3d 641, 651 (7th Cir. 2003). Liability for IIED "does not extend to mere insult, indignities, threats, annoyances, petty oppressions or trivialities" and can attach "only in circumstances where the defendant's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Thomas v.*

B.    Department of Treasury

Brest seeks from the Department of Treasury the income tax refund and stimulus payment that was allegedly withheld and rerouted to SSA. These claims also are barred.

The government argues that 26 U.S.C. § 7421, commonly known as the Tax Anti-Injunction Act, bars Brest's claims against the Department of Treasury. The government claims that the Act bars any action for injunctive relief that in any way relates to tax matters. This contention mischaracterizes the Act. The Act states: "[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." 26 U.S.C. § 7421(a). The purpose of the act is to require individuals who wish to challenge a tax to first pay the tax, and then challenge it in a refund action. *See Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 6, 82 S.Ct. 1125, 1129 (1962); *see also Livingston Rebuild Center, Inc. v. Railroad Retirement Bd.*, 970 F.2d 295, 296 (7th Cir. 1992) ("Usually a person unhappy with a decision affecting his taxes must pay and ask the court for a refund."). The United States has waived sovereign immunity for refund suits. 28 U.S.C. § 1346(a)(1). In this case, Brest is not seeking to prevent the Department of Treasury from assessing or collecting taxes; rather he is seeking the refund of monies he believes he is owed. Therefore, this action is best characterized as a refund suit under Section 1346 and is not barred by the Tax Anti-Injunction Act.

---

*Fuerst*, 345 Ill. App. 3d 929, 935, 803 N.E.2d 619, 625 (1st Dist. 2004) (internal quotations and citations omitted). Although Brest characterizes the Defendants' conduct as extreme and outrageous, the alleged behavior clearly does not rise above "insult, indignities, threats, annoyances, petty oppressions or trivialities." *Id.* In essence, Brest claims that each SSA employee that he spoke with who refused to immediately resolve his claim was, by failing to doing so, acting in an extreme and outrageous manner. IIED is not meant to redress a plaintiff's frustration with ordinary administrative processes or delays. Brest has not alleged any conduct that is "beyond all bounds of decency," *id.*, and thus if we reached the merits of his IIED claims, we would dismiss them for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

However, in order to file a tax refund suit in a district court under Section 1346, the taxpayer must first file an administrative refund claim. 26 U.S.C. § 7422(a). Without first filing an administrative claim, a tax refund suit does not fall within Section 1346's waiver of sovereign immunity and is barred. *Id*. Brest has not alleged that he has filed an administrative refund claim, and therefore his lawsuit against the Department of Treasury must be dismissed.

## IV. CONCLUSION

For the reasons stated above, we dismiss Brest's complaint. It is so ordered.

_____
MARVIN E. ASPEN
United States District Judge

Dated: December 7, 2009